David R. Hock
Tzvi N. Mackson
COHEN, WEISS and SIMON LLP
330 West 42nd Street, 25th Floor
New York, New York  10036
Telephone:     (212) 563-4100
Facsimile:     (646) 473-8220
dhock@cwsny.com
tmackson@cwsny.com

*Attorneys for the Trustees of the Local 282 Welfare Trust Fund, Local 282 Pension Trust Fund, Local 282 Annuity Trust Fund, Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
                                                                 :
In re:                                                           :
                                                                 :    Case No. 1-13-44180-ESS
QUADROZZI CONCRETE CORP., *et ano*,                              :
                                                                 :
                                            Debtors.             :
                                                                 :
---------------------------------------------------------------- x

### RESPONSE OF THE LOCAL 282 TRUST FUNDS
### TO THE U.S. TRUSTEE'S MOTION TO DISMISS OR CONVERT

The Trustees of the Local 282 Trust Funds (the "Trustees"), respectfully submit this response to the Motion of the United States Trustee to Dismiss this Chapter 11 Case or, in the Alternative, Convert Chapter 11 Case to Chapter 7 [Docket No. 153] (the "Motion"), and state as follows:

1.      The Trustees do not dispute that the U.S. Trustee has established cause to convert or dismiss this case, but respectfully requests that the Court make an analysis of whether creditors are best served by conversion rather than dismissal as set forth below.

1

2.      Section 1112(b)(1) of the Code, provides:

... on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

3.      Determining whether to convert a case to a Chapter 7 liquidation is a two-step inquiry requiring the Court to determine (1) if cause exists and (2) whether conversion, appointment of a trustee or examiner, or dismissal is in the best interests of creditors. *See In re Products Int'l Co*., 395 B.R. 101, 108 (Bankr. D. Ariz. 2008) (interpreting Section 1112(b)(1) to require a court to consider three alternatives if cause is established).

4.      The Bankruptcy Code does not define what constitutes "cause" for conversion of a case, but does provide a non-exclusive list of factors that are included within the term cause.  Prior to its amendment in 2005, Section 1112(b) provided the Court wide discretion in determining whether to convert or dismiss a case.  *See In re Lumber Exchange Bldg. Ltd. P'ship*, 968 F.2d 647, 648 (8th Cir. 1992) ("The bankruptcy court has broad discretion in deciding whether to dismiss or convert a Chapter 11 case").

5.      When a movant demonstrates cause, the bankruptcy court is required to convert the case, dismiss the case, or appoint a trustee or examiner unless the bankruptcy court specifically identifies unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors.  *See* King, 11 Collier's on Bankruptcy §1112.01[2] ("If cause is demonstrated under the current statute, the court must grant relief, unless it is found that the exception in section 1112(b)(2) applies").

6.      Debtors may not use Chapter 11 "to prolong control of an insolvent enterprise where no benefit to the public is plausible." *In re Hi-Toc Development Corp*., 159

B.R. 691, 693 (S.D.N.Y. 1993). The financial disclosures in the operating reports required by the U.S. Trustee are the *quid pro quo* of obtaining the benefits of bankruptcy protection. *See In re Tornheim*, 181 B.R. at 164 ("To reap the benefit of chapter 11, the debtor must pay the price of disclosure; he or she needs to provide financial and other relevant information to the creditors to inform them and the Court about the progress and status of the case").

7. The failure to file operating reports "undermines the Chapter 11 process and constitutes cause for dismissal or conversion of Chapter 11 proceedings." *In re Roma Group, Inc.*, 165 B.R. 779, 780 (S.D.N.Y. 1994). Creditors should not be required to expend additional efforts to obtain the information the Debtor is required to file. *See In re Berryhill*, 127 B.R. 427, 433 (Bankr. D. Ind. 1991) ("Neither the court nor creditors should have to coerce or implore the Debtor into fulfilling the obligations imposed on it").

8. As the *Berryhill* court notes:

> Timely and accurate financial disclosure is the life blood of the Chapter 11 process. Monthly operating reports are much more than busy work imposed upon a Chapter 11 debtor for no reason other than to require it to do something. They are the means by which creditors can monitor a debtor's post-petition operations.

127 B.R. at 433. Thus, the Debtor's "[r]efusal or inability to provide financial disclosure sounds the death knell of a chapter 11 case." *Tornheim*, 181 B.R. at 164.

9. The Debtor's schedules and the claims register demonstrate that there are numerous creditors all seeking to collect on their claims. Dismissal of the proceeding will likely lead to a race to the courthouse and a series of duplicative actions to hold related entities liable for the Debtor's obligations. Creditors may be best served by an orderly liquidation by a Chapter 7 Trustee who could independently investigate the relationship between the Debtor, the related entities, and the Debtor's principals.

10. The U.S. Trustee's analysis of whether the appropriate decision between conversion and dismissal is a single paragraph, noting that the Debtors do not appear to have any unencumbered assets to be liquidated. Moreover, this analysis is based upon the schedules filed at the beginning of the case.

11. QCC's schedules do not reflect the values of its real property. QCC's amended schedules list two parcels of real estate, which were appraised in 2011 for approximately $1.4 million. Additionally, QCC's schedules show that it is the sole owner of two limited liability companies each of which owns a parcel of real estate. While the claims listed as secured are substantial, approximately half of that amount is a judgment based upon a claim of a shareholder, and which may be subordinated, and, upon information and belief, may have been settled.

WHEREFORE, the Trustees respectfully request that the Court make findings regarding whether conversion or dismissal is in the best interests of creditors, and for such other relief as is just and proper.

Dated: December 8, 2015                           Respectfully submitted,

                                                  / s/ David R. Hock
                                                  David R. Hock
                                                  COHEN, WEISS and SIMON LLP
                                                  330 West 42nd Street, 25th Floor
                                                  New York, New York  10036
                                                  Telephone:    (212) 563-4100
                                                  Facsimile:    (646) 473-8220
                                                  dhock@cwsny.com

                                                  *Attorneys for the Local 282 Trust Funds*